**ALLBRITTON et al. v. DAVIS.**    (No. 3470.)

Court of Civil Appeals of Texas. Texarkana.
Oct. 27, 1927.

Rehearing Denied Nov. 10, 1927.

Trial &#x2388;⟳352(1)—Interrogatory stating that, if automobile was delivered under agreement, jury need not decide whether agreement was conditional, held properly refused under evidence.

Where testimony on issue whether undisputed agreement involving exchange of automobiles was conditional was conflicting, interrogatory stating that, if jury found automobile was delivered under agreement as part payment for another automobile; they need not consider other issues as to whether agreement was subject to condition that plaintiff be satisfied with the automobile delivered to him, and as to value of automobile delivered to defendant, *held* properly refused.

Appeal from Jasper County Court; A. S. McKee, Judge.

Suit by Dock Davis against J. F. Allbritton and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Mooney, Adams & Hamilton, of Jasper, for appellants.

G. E. Richardson and Roi Blake, both of Jasper, and J. B. Forse, of Newton, for appellee.

HODGES, J. Davis, the appellee, sued the appellant Allbritton for the value of a Chevrolet automobile, and recovered a judgment for the sum of $400. The evidence shows that in March, 1926, Davis agreed to trade his Chevrolet car to Allbritton for an Oldsmobile. He was to pay Allbritton the difference in the value of the two cars in money and assume a debt secured by a lien on the Oldsmobile. In the trial below the parties differed about the terms of the contract. Davis testified that, after they had agreed upon the amount he was to pay for the Oldsmobile and the price at which his car was to be taken in exchange, it was further agreed that he should leave his car with Allbritton and drive home in the Oldsmobile; that, if he liked the Oldsmobile after a trial, he was to keep it and pay the difference agreed upon; if he was not satisfied with the Oldsmobile, he was to return it the next day and get his Chevrolet. He further testified that after a trial he found a defect in the Oldsmobile and tendered it back to Allbritton, demanding the return of his Chevrolet; that Allbritton refused to make the exchange, claiming that the trade was an unconditional one. Allbritton testified that he and Davis definitely agreed to exchange cars, and on the terms upon which the exchange was to be made; that the trade was final; that he delivered the automobile to Davis without any conditions whatever.

The court submitted to the jury the controlling issues as follows:

"Did plaintiff, Dock Davis, and the defendant J. F. Allbritton have an agreement that 'in the event plaintiff, Dock Davis, did not like the Oldsmobile car, he, the said Dock Davis, could return the Oldsmobile and get the Chevrolet car?"

To this interrogatory the jury answered, "Yes." In response to another interrogatory, the jury found the value of the Chevrolet car

to be $400. Upon these answers the court entered a judgment in favor of Davis. The appellant requested the court to submit the controlling issues in the following form:

"Did Dock Davis and the defendant J. F. Allbritton enter into an agreement whereby the plaintiff delivered to the defendant a Chevrolet automobile as a part payment in said agreement for the purchase price of an Oldsmobile? You will answer the question 'Yes' or 'No.' In the event you answer 'Yes,' then you need not answer either of the other questions in the court's main charge."

The refusal of the court to submit that interrogatory is assigned as error. The undisputed testimony shows that the parties did make the agreement referred to, but there was a conflict in the testimony as to whether or not the agreement was subject to a condition. We think the court correctly presented the controlling issues.

There seems to be no dispute about the value of the Chevrolet. Allbritton himself testified that the car was worth $400 at the time it was delivered to him. It also appears from the testimony that the Oldsmobile was sequestered and sold in satisfaction of a debt for which Allbritton was responsible.

The judgment will be affirmed.